UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff/Respondent, § | | |
| § | | |
| v. § | CRIMINAL NO. 2:17-431(S)-5 | |
| § | CIVIL NO. 2:19-192 | |
| MAYRA GUILLEN-MORENO, § | | |
| Defendant/Movant. § | | |

**MEMORANDUM OPINION & ORDER**

Defendant/Movant Mayra Guillen-Moreno filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 287. Now pending is the United States of America's (the "Government") Motion to Dismiss (D.E. 295), to which Movant has responded (D.E. 296). For the reasons stated herein, the Government's motion is **GRANTED**, and Movant's § 2255 motion is **DENIED**.

**I. BACKGROUND**

Movant and six others were charged in a 13-count indictment with conspiracy to transport unlawful aliens and transporting specific aliens. The charges against Movant included conspiracy to transport unlawful aliens between January 1 and July 24, 2017, (Count 1) and transporting Antonio Mejia-Santos, an unlawful alien, on July 24, 2017, (Count 13). The Superseding Indictment also included a Notice of Forfeiture against all seven defendants.

Movant pled guilty to Count 1 of the Superseding Indictment (conspiracy) pursuant to a written plea agreement. In exchange for her guilty plea, the Government agreed to dismiss Count 13 (transporting Mejia-Santos) and recommend that Movant receive

1

maximum credit for acceptance of responsibility and a sentence within the applicable guideline range. As part of the plea agreement, Movant waived her right to appeal or file a motion under 28 U.S.C. § 2255, except to raise a claim of ineffective assistance of counsel.

At rearraignment, Movant stipulated to her involvement in the alien smuggling operation. 9/28/2017 Rearraign. Tr., D.E. 267, pp. 29–34. The attorney for the Government stated that Movant's role in the conspiracy was to run a stash house where undocumented aliens were held before transport through checkpoints and onward into the United States. Prior to Movant's arrest, an undocumented alien/material witness told investigators that Movant was the caretaker and coordinator of the stash house where he was held and that while he was there, other undocumented aliens came and frequently conversed with Movant about her smuggling activities. According to the material witness, Movant kept a ledger at her residence with names of undocumented aliens she had housed. Four other undocumented aliens who were apprehended in an 18-wheeler at the Falfurrias Border Patrol Checkpoint identified Movant in a lineup as the caretaker of the stash house where they stayed after they had crossed into the United States.

At the time agents executed a warrant for Movant's arrest, she had five undocumented aliens at her house. A search of the residence uncovered a handgun and a ledger used to track names of aliens and specific dollar amounts. Movant made a statement at the time of her arrest admitting that she had harbored around 240 aliens in her residence over the past 6 months and had been paid a total of $12,000. Movant admitted under oath during rearraignment that what the prosecutor said about her involvement in the conspiracy was true and that she knew the people she was housing were in the United States illegally.

The Court accepted Movant's guilty plea after finding that her plea was knowing and voluntary, and that it was supported by an adequate basis in fact.

The Court sentenced Movant to 63 months' imprisonment. Judgment was entered January 12, 2018. Movant did not appeal. She filed her current motion under 28 U.S.C. § 2255 on July 10, 2019.

## II. MOVANT'S ALLEGATIONS

Movant raises a single ground for relief: Counsel was ineffective for failing to investigate the facts of her case before she pled guilty to conspiracy to transport unlawful aliens. Unlike Movant, her codefendant Gerald Leon Graves went to trial. However, the Fifth Circuit later reversed Graves' conviction on two transporting counts after the Government conceded that there was no evidence at trial linking Graves to those two specific aliens. Movant argues that her conviction incorporates the same aliens, and there was no evidence that she knew they were undocumented. Thus, her conspiracy conviction must be vacated because she is "actually innocent" of this crime.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights

and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

## B. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[1] The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam). Equitable tolling may allow for a late-filed motion, but such exceptions to limitations are rare. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy her burden, Movant must show that: (1) she has

---

1. The statute provides that the limitations period shall run from the latest of:

    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

diligently pursued her rights, and (2) some extraordinary circumstance stood in her way. *Holland*, 560 U.S. 649; *Petty*, 530 F.3d at 365.

The Government argues that Movant's conviction became final on the last day to file a timely notice of appeal, that is, 14 days after the judgment was entered on the docket. *See* FED. R. APP. P. 4(b). Judgment was entered January 12, 2018. Movant's conviction therefore became final on January 26, 2018. She did not file her § 2255 motion until July 20, 2019, nearly five months after the statute of limitations expired on January 26, 2019. Movant, however, claims the statute of limitations did not begin to run until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2255(f)(4). According to Movant, this happened on November 20, 2018, when the Fifth Circuit issued its opinion in *United States v. Graves*, 742 F. App'x 873 (5th Cir. 2018).

The Fifth Circuit's holding in *Graves* has no bearing on Movant's conviction. Graves proceeded to trial and was found guilty of conspiracy to transport unlawful aliens (Count 1) and three substantive counts of transporting unlawful aliens (Counts 10–12). On appeal, Graves challenged the sufficiency of the evidence supporting his substantive convictions on Counts 11 and 12, but not the evidence supporting his conspiracy conviction. *Graves*, 742 F. App'x at 873. After the Government conceded that there was nothing in the trial record related to the aliens named in Counts 11 and 12, the Fifth Circuit vacated Graves' convictions on those two counts. *Id.* at 873–74. However, the court affirmed Graves' convictions for conspiracy and one count of transporting. *Id.* at 874. While Movant and Graves were participants in the same conspiracy, Movant was not

charged in Counts 11 or 12. Thus, the Fifth Circuit's holding in *Graves* does not serve to extend the statute of limitations under 28 U.S.C. § 2255(f)(4), nor does it entitle Movant to the "actual innocence" exception to the statute of limitations under *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

The statute of limitations began to toll when Movant's conviction became final on January 26, 2018. She has presented no facts suggesting that she has diligently pursued her rights or that some extraordinary circumstance prevented her from timely filing her § 2255 motion. Accordingly, the Court finds Movant's motion is untimely.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable

jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As for claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. That is, reasonable jurists could not debate the Court's resolution of her claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329. Accordingly, Movant is not entitled to a COA as to her claims.

## V. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (D.E. 295) is **GRANTED**, Movant's motion under 28 U.S.C. § 2255 (D.E. 287) is **DENIED**, and Movant is **DENIED** a Certificate of Appealability.

**ORDERED** 11/7/19.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE