UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | CRIMINAL NO. 2:17-431-5 |
| MAYRA GUILLEN-MORENO,<br>    Defendant. | §<br>§<br>§<br>§ | |

## ORDER

Pending before the Court is Defendant Mayra Guillen-Moreno's Motion for Hardship Credit for Hardtime Served. D.E. 314. Defendant complains that the COVID-19 lockdown conditions at FCI Aliceville violate her Fifth, Eighth, and Fourteenth Amendment rights, and she moves the Court to grant her two days' credit for each day served based on these alleged violations.

The Bureau of Prisons (BOP) is responsible for calculating sentencing credit, and the proper vehicle for raising such a challenge is a petition pursuant to 28 U.S.C. § 2241. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks . . . the prison authorities' determination of its duration.") (citations omitted); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (claims for sentence credit to federal sentences are properly brought pursuant to § 2241); *United States v. Gabor*, 905 F.2d 76, 77–78 n.2 (5th Cir. 1990). A defendant is required to exhaust available administrative remedies through the BOP before litigating the computation of his or her sentence in federal court. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§

542.10–542.16 and collecting cases). There is nothing in the record indicating that Defendant has presented her complaints regarding her sentence to the BOP, nor does she claim that she has done so.

Moreover, a challenge to the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241 must be filed in the district where the defendant is incarcerated. *See Pack*, 218 F.3d at 451. Defendant's motion states that she is incarcerated in Aliceville, Alabama, which is located in the Northern District of Alabama. Assuming Defendant remains incarcerated in Aliceville, she should file any § 2241 petition in that court after first exhausting her administrative remedies.

For the foregoing reasons, Defendant's Motion for Hardship Credit for Hardtime Served (D.E. 314) is **DENIED**.

To the extent Defendant wishes to pursue what appear to be Fifth, Eighth, and Fourteenth Amendment claims against FCI Aliceville, she may file a separate civil action.

ORDERED this 19th day of April, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE